| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 1/30/19 |

JOSE ALTAGRACIA NAVARRO MENDEZ

v.

UNITED STATES OF AMERICA,

           Defendant.

No. 17-CV-1498
15-CR-24

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Jose Altagracia Navarro-Mendez moves *pro se*, pursuant to 28 U.S.C. § 2255, to reduce his sentence. Pursuant to a plea agreement ("the Plea Agreement"), Petitioner pled guilty to one count of conspiracy to distribute and possess with the intent to distribute mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The Plea Agreement provided that Petitioner would not bring a collateral challenge under 28 U.S.C. § 2255 to any sentence within or below the stipulated range under the United States Sentencing Guidelines ("the Guidelines"). The Court then imposed a sentence well below that range. Even construing Petitioner's submission liberally and interpreting it "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court finds that Petitioner's claim under 28 U.S.C. § 2255 is barred by the waiver provision in the Plea Agreement. The petition is thus dismissed with prejudice.

## BACKGROUND

On January 14, 2015, a grand jury returned an indictment charging Petitioner with conspiracy to distribute and possess with the intent to distribute one kilogram or more of mixtures

and substances containing a detectable amount of heroin. Dkt. 21.[1] On September 24, 2015, pursuant to the Plea Agreement, Petitioner pled guilty to the lesser-included offense of conspiracy to distribute and possess with the intent to distribute mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Dkt. 54 at 9.

The Plea Agreement contained a stipulated Guidelines range of 78 to 97 months' imprisonment. It also contained a waiver provision stating that Petitioner would neither appeal "nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 78 to 97 months' imprisonment." Dkt. 97 at 1. On March 2, 2016, the Court sentenced Petitioner to 42 months' imprisonment, a sentence 36 months below the bottom of the stipulated Guidelines range. Dkt. 78. Petitioner did not file a direct appeal to his conviction or sentence.

On February 27, 2017, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, seeking a reduction to his sentence on the ground that his status as a deportable alien renders him ineligible to serve the final months of his sentence in an alternative form of confinement and otherwise subjects him to more severe prison conditions than he would face as a United States Citizen. Dkt. 92. Petitioner does not claim that he unknowingly or involuntarily entered into the Plea Agreement. The Government opposes the Petition on the grounds that Petitioner is barred from bringing this action under the terms of the Plea Agreement, the requested relief is not available under § 2255, and there is no legal basis for Petitioner's request.

## DISCUSSION

"It is . . . well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001). Similarly,

---

[1] All docket citations refer to the docket in Petitioner's criminal case, case no. 15-cr-24.

a knowing and voluntary waiver of the right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is also generally valid and enforceable. *See Frederick v. Warden*, 308 F.3d 192, 195 (2d Cir. 2002) ("There is no general bar to a waiver of collateral attack rights in a plea agreement."). This is because it "would render the plea bargaining process and the resulting agreement meaningless" if courts were to permit "a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, [to] appeal the merits of a sentence conforming to the agreement." *United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).

"[E]xceptions to the presumption of the enforceability of a waiver [of appellate rights] . . . occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Such exceptions may be found (1) "when the waiver was not made knowingly, voluntarily, and competently," (2) "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," (3) "when the government breached the plea agreement," or (4) "when the sentencing court failed to enunciate any rationale for the defendant's sentence[.]" *Id.* In addition, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver [was] procured," such as a Rule 11 challenge or a claim of ineffective assistance of counsel in connection with the execution of the waiver. *Frederick*, 308 F.3d at 195–96. None of these circumstances is present here.

First, a review of Petitioner's plea colloquy demonstrates that his waiver was knowing, voluntary, and competent. At the plea hearing, the Court confirmed that the Plea Agreement was translated for Petitioner, that Petitioner reviewed the Plea Agreement with his attorney, that he

3

understood its terms, and that he signed it. Dkt. 54 at 13–14. The Court also specifically confirmed that Petitioner understood the Plea Agreement's waiver provision:

> THE COURT: Do you also understand that under this agreement you are giving up your right to appeal or otherwise challenge a sentence so long as I sentence you to 78 to 97 months of imprisonment or less. So if I sentence you to more than 97 months in prison, you have the right to appeal your sentence under this agreement. But if I sentence you to 97 months or less, you can't appeal under this agreement. Do you understand that?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: Do you also understand that you cannot appeal your conviction or sentence on the basis of any actual or perceived immigration consequences, including deportation, as a result of your guilty plea or conviction?
>
> THE DEFENDANT: Yes.

*Id.* at 15.

The Court further confirmed that Petitioner had willingly signed the agreement and was not bribed, threatened, forced or induced to do so. *Id.* at 16. The Court assessed Petitioner's competence and—based on his responses to the Court's questions, his demeanor in court, and the representations of his counsel—the Court found Petitioner "fully competent to enter an informed plea of guilty." *Id.* at 6. At the end of the plea proceedings, the Court found that Petitioner was "aware of the consequences of [his] plea, including the sentence which may be imposed," and that Petitioner was "knowingly and voluntarily" pleading guilty. *Id.* at 19. Petitioner has never argued that he did not enter a knowing and voluntary plea, nor has he argued that he did not understand the waiver provision contained in his Plea Agreement. Accordingly, there is no basis in the record to conclude that Petitioner's appellate waiver was anything other than knowing, voluntary, and competent. *See, e.g., Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (holding that a plea agreement was "entered into knowingly and voluntarily, and with awareness of the waiver of appeal and collateral attack" where the petitioner signed the plea agreement, stated that

4

he had read and understood it, did not appeal his sentence, and did not claim in his § 2255 motion that he had not understood the waiver).

Nor does anything in the record suggest that Petitioner's sentence was imposed based on constitutionally impermissible factors, that the process through which the waiver was entered into was invalid, or that the Government breached the Plea Agreement. Petitioner does not argue that any of these circumstances were present, and the Court finds no basis in the record for concluding that they were. Finally, the Court did not "fail[] to enunciate any rationale for the defendant's sentence." *Gomez-Perez*, 215 F.3d at 319. To the contrary, the Court stated on the record the reasons for the sentence it imposed, including, *inter alia*, the advisory Guidelines range, the nature and circumstances of the offense, the need for adequate deterrence, the need to avoid unwarranted sentencing disparities, and the potential immigration consequences of the sentence. Dkt. 80 at 14–15. Accordingly, no exception to the enforceability of the waiver applies in this case. Petitioner's waiver of his right to appeal or collaterally attack his sentence, which was far below the stipulated Guidelines range, bars his motion to reduce his sentence pursuant to 28 U.S.C. § 2255.[2]

## CONCLUSION

Because it is barred by the waiver provision of the Plea Agreement, Petitioner's § 2255 motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at

---

[2] Petitioner also seeks, in the alternative, a sentence reduction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. 92 at 13. However, since the relief Petitioner seeks is "a speedier release from [] imprisonment, his sole federal remedy is a writ of habeas corpus." *See Abdul-Hakeem v. Koehler*, 910 F.2d 66, 69 (2d Cir. 1990) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (A writ of habeas corpus, and not an action under 42 U.S.C § 1983, is the sole federal remedy for a state prisoner seeking immediate or speedier release from imprisonment); *Cabbagestalk v. Hudson*, 15-cv-167, 2016 U.S. Dist. LEXIS 116502, at *11 (S.D.N.Y. Aug. 29, 2016) (Applying *Preiser* to the *Bivens* context and holding that "[t]o the extent that plaintiff challenges the calculation of his sentence, a civil rights action pursuant to *Bivens* is not the appropriate vehicle.").

docket entry 92. Because this Court, in its Order of July 25, 2016, *see* dkt. 87, denied Petitioner's earlier motion for a sentence reduction and declaratory relief, the Clerk of Court is also respectfully directed to terminate docket entry 84.

SO ORDERED.

Dated:   January 30, 2019
         New York, New York

_____
Ronnie Abrams
United States District Judge